# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HEWITT, | CASE NO. 1:09-cv-00661-OWW-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| STATE OF CALIFORNIA, et al., | (Doc. 16) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Edward Hewitt ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Magistrate Judge screened Plaintiff's complaint and, on November 13, 2009, an order was issued dismissing the complaint with leave to amend. (Doc. 11.) Currently pending before the Court is the first amended complaint, filed March 29, 2010. (Doc. 16.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff is out of custody and residing in Turlock, California. The incidents alleged in the complaint occurred while he was detained at the Merced County Jail. On May 7, 2007, Plaintiff "had extreme and excruciating pain in the area of his neck[,] back[,] legs, fingers, hips, shoulder (left), both hands, ankles, head (in the form of headaches), wrist, [and] right knee" that was so severe he was unable to "sleep, stand, or sit up." (Doc. 16, p. 4.) Although Plaintiff submitted sick call requests he was not treated. On May 10, 2007, Plaintiff requested treatment through Judge McCabe, who was presiding at his court hearing. On May 13, 2007, Plaintiff was given Naproxen for the pain. He continued to have excruciating pain and notified the Merced County Sheriff's Department that the medication was not working. On May 18, Plaintiff's legs and shoulders were sore and "not working properly." (Id.)

Plaintiff continually submitted requests for medical treatment but never received any "medical help." (Id. at 4-5.) On June 8, 2007, Plaintiff requested medical attention from Defendant Syria at the Merced County Sheriff's Department. He did not receive treatment. On or about June

28, 2007, Plaintiff was in so much pain he fell and hit his head. (Id. at 5.) He immediately requested medical treatment. In July 2007, Plaintiff was prescribed Mehorenol for the pain, but he continued to have difficulty sleeping due to the extreme pain. Plaintiff continued to have pain and request an x-ray, MRI, physical therapy, or other medical or diagnostic treatment without result. (Id.)

At the end of September 2007, Plaintiff developed a severe rash to both legs and blisters in his mouth, which spread to his body. He submitted medical request slips, but was not seen or treated. (Id. at 6.) Plaintiff alleges that the Merced County Sheriff's Department failed to diagnose and treat a degenerative joint disease, causing further pain and deterioration of his condition. (Id. at 6-7.)

Plaintiff brings this action naming Defendants Merced County Jail, Merced County Sheriff's Department, Merced County Jail medical staff, and Dr. Syria. (Id., § III.) He is seeking $4,000,000 in general, specific, and punitive damages. (Id., § V.) For the reasons set forth, the Court finds that Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Plaintiff will be given one final opportunity to file a second amended complaint in compliance with the standards discussed below.

### III. Discussion

#### A. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

A difference of opinion between a prisoner and prison medical authorities as to proper

treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Additionally, an allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Plaintiff's allegations fall short of stating any plausible claims for violation of the Eighth Amendment arising from deficient medical care. Iqbal at 1949-50; Moss at 969. "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057 (quoting Farmer, 511 U.S. at 837).

The failure to provide medical treatment *may* be sufficient to support a claim for violation of the Eighth Amendment, but there are insufficient facts upon which to base a finding that Defendant Syria was aware of a serious risk to Plaintiff or that by failing to respond to his written requests, Defendants *knowingly* disregarded an *excessive* risk to Plaintiff's health, Farmer, 511 U.S. at 837, and Plaintiff suffered further harm as a result, McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff unquestionably has pled a serious medical need. However, the complaint does not set forth sufficient facts linking any of the named defendants to the violation of Plaintiff's constitutional rights because Plaintiff's allegations do not show more than the mere possibility of misconduct, which is not sufficient to state a claim. Iqbal at 1949-50; Moss at 969. Plaintiff is advised that to state a claim for relief under section 1983, he must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal, 129 S. Ct. at 1948. Additionally, naming medical staff as Defendants is insufficient to identify the individuals involved. The inclusion of Doe defendants under these circumstances is permissible, as

4

Plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

### B. Municipal Liability

Plaintiff brings suit against the Merced County Sheriff's Department and Jail. To find a municipality liable for a failure to act, the plaintiff must show that an employee of the municipality violated his constitutional rights, that the customs or policies of the municipality amount to deliberate indifference, and those "customs or policies were the moving force behind" the violation of plaintiff's constitutional rights. Conn v. City of Reno, 591 F.3d 1081, 1102 (9th Cir. 2010). For a custom or policy to be the moving force behind the constitutional violation, it must be "closely related to the ultimate injury." Conn, 591 F.3d at 1103 (citations omitted). For plaintiff to prevail on a claim that the municipality failed to adopt and implement a policy, he must show that the failure to adopt was deliberately indifferent and that the deliberate indifference was a moving force behind the violation of his constitutional rights. Id. at 1104.

## IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 29, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 7, 2010

UNITED STATES MAGISTRATE JUDGE