# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HEWITT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00661-OWW-GBC (PC)<br><br>ORDER TO DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY AND APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 24 & 25)<br><br>AMENDED COMPLAINT DUE BY AUGUST 8, 2011 |

**ORDER**

Plaintiff Edward Hewitt is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 25, 2011, the Court screened Plaintiff's Second Amended Complaint and found that it failed to state any claims upon which relief could be granted. (ECF No. 22.) The Court dismissed Plaintiff's Complaint and ordered him to file an amended complaint within thirty days. (Id.)

**A.    Motion for Appointment of Counsel**

Plaintiff filed a Motion for Appointment of Counsel. (ECF NO. 25.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel

1

pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

**B.    Motion for Discovery**

Plaintiff filed a Motion for Discovery and Lodging of Documents. (ECF No. 24.) The Court notes that discovery has not been opened as this action is only in the screening phase.  Once, and if, the Court finds that Plaintiff has stated a cognizable Section 1983 claim, then service is ordered.  Discovery does not open until Defendants have been properly served and have filed an answer or other responsive pleading.  Thus, Plaintiff's requests for discovery is improper at this point and is denied.

**C.    Amended Complaint**

Plaintiff was given thirty days to file an amended complaint in the Court's May 25, 2011 Screening Order. (ECF No. 23.)  Plaintiff was warned that failure to comply with the Court's Order may result in dismissal of this action for failure to state a claim upon which relief could be granted.  (Id.)  To date, Plaintiff has not filed an amended complaint.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

Because Plaintiff has not filed an amended complaint, there is not an operative pleading in this action. Plaintiff is hereby on notice that failure to comply with this Order will result in dismissal of this action for failure to prosecute and failure to state a claim upon which relief could be granted.

D.  **Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Motion for Appointment of Counsel is DENIED;
2. Plaintiff's Motion for Discovery is DENIED; and
3. Plaintiff's Third Amended Complaint is due by **August 8, 2011.**

IT IS SO ORDERED.

Dated:  July 8, 2011

UNITED STATES MAGISTRATE JUDGE