# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HEWITT, | CASE NO. 1:09-cv-00661-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | Doc. 30 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On April 2, 2009, Plaintiff Edward Hewitt ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On November 13, 2009, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 11. On March 29, 2010, Plaintiff filed a first amended complaint. Doc. 16. On December 7, 2010, the Court issued a screening order, dismissing Plaintiff's first amended complaint, with leave to amend. Doc. 19. On April 18, 2011, Plaintiff filed his second amended complaint. Doc. 22. On May 25, 2011, the Court issued a screening order, dismissing Plaintiff's second amended complaint, with leave to amend. Doc. 23. On October 25, 2011, Plaintiff filed his third amended complaint. Doc. 30.

1  The Court is required to screen complaints brought by prisoners seeking relief against a
2  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3  Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally
4  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
6  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
7  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
8  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

9  A complaint must contain "a short and plain statement of the claim showing that the pleader
10 is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
11 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
12 do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell
13 Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
14 unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While
15 factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

16 While prisoners proceeding pro se in civil rights actions are still entitled to have their
17 pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
18 now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must
19 demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.
20 Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
21 sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret
22 Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
23 this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

24 Section 1983 provides a cause of action for the violation of constitutional or other federal
25 rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
26 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link
27 between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at
28 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,

570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Third Amended Complaint

In Plaintiff's third amended complaint, he names Defendants Merced County; Merced County Jail; Merced County Sheriff's Department Medical Staff; Does 1 through 50; Dr. Syria; Sean Ryan; and Dr. David. 3d Am. Compl. at 1-3, Doc. 30. Plaintiff alleges that on May 7, 2007, he had extreme and excruciating pain in his back, legs, fingers, hips, left shoulder, hands, ankles, wrist, right knee as well as headaches. *Id.* at 4. He requested medical help through sick call slips but was ignored by Merced County Sheriff Department's medical staff. *Id.* On May 13, 2007, Plaintiff was still in constant pain and finally given 500 mg of Naproxen by Dr. David with the Merced County Sheriff's Department. *Id.* Plaintiff requested stronger medication, an x-ray, and an MRI but no medical treatment was given. *Id.* On June 8, 2007, Plaintiff notified Dr. Syria about his medical condition and intense pain and requested medical attention from Dr. Syria at the Merced County Sheriff's Department, but he was refused. *Id.* at 5. In July 2007, Plaintiff was given 750 mg of mehorenol. *Id.* In August 2007 and September 2007, Plaintiff continued to experience pain and became unable to walk or get out of bed. *Id.* He renewed his requests for x-rays, an MRI, physical therapy, and other medical treatment but Merced County Sheriff's Department Medical Staff refused to increase his pain medication or give other treatment. *Id.* at 5-6. In September 2007, Plaintiff developed a rash that spread to most of his body. *Id.* at 6. Plaintiff submitted several sick call slips but there were denied or ignored because no medical appointments were given. *Id.* From October 2007 through February 2008, Plaintiff was denied medical treatment despite complaining of headaches, extreme pain in his extremities, sore ankles, and pain in his chest and shoulder. *Id.* Plaintiff's degenerative joint disease went undetected and untreated during Plaintiff's incarceration at Merced County Jail. *Id.* at 8. For relief, Plaintiff seeks general damages of $1,000,000; specific damages of $1,000,000; and punitive damages of $2,000,000. *Id.* at 3.

//

//

### III. Legal Standard and Analysis for Plaintiff's Claims
### A. Eighth Amendment Deliberate Indifference to Serious Medical Need
### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th

Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**2. Analysis**

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff makes no allegations with regard to Defendants Does 1 through 50 and Sean Ryan. As for Defendant Dr. David, Plaintiff's sole allegation is that on May 13, 2007, Dr. David gave Plaintiff 500 mg of Naproxen, and Plaintiff cannot Defendant Dr. David liable under the theory of respondeat superior. *Iqbal*, 129 S. Ct. at 1948-49. Plaintiff again attempts to name Merced County; Merced County Jail; and Merced County Sheriff's Department Medical Staff, who are improper defendants.

Plaintiff's sole allegation of deliberate indifference by a proper defendant pertains to Dr. Syria. However, Plaintiff's third amended complaint demonstrates that defendants were not indifferent to Plaintiff's complaints but prescribed Plaintiff two different forms of pain medication. Plaintiff's allegations may, at most, amount to negligence, which is insufficient to hold a defendant liable for <u>deliberate</u> indifference to a serious medical need, under the Eighth Amendment.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v.*

*Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Thus, even with liberal construction, Plaintiff's third amended complaint does not allege deliberate indifference to a medical need because that high standard requires that the defendant actually *knew of and acted in conscious disregard* of a known serious risk. The third amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion and Recommendation

Plaintiff's third amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in the claims and granted leave to amend but was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action should be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983; and

2. The Clerk of the Court should be directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 26, 2012

UNITED STATES MAGISTRATE JUDGE